*Monday, January 10, 1994*

## MOTION DOCKET

**91–1675.** State v. Murphy. *Marion County,* No. 9–87–35. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective January 7, 1994.

IT IS FURTHER ORDERED by the court that said stay is granted for a period of six months to allow appellant an opportunity to file a petition for post-conviction relief. Absent such a filing within said time period, this stay will expire, and no further time will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that if a petition for post-conviction relief has been filed within the time allotted, a date-stamped copy of such petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that the compliance with the mandate and execution of sentence be, and the same are hereby, stayed for a period of six months or, if a petition for post-conviction relief is filed within that time period, pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

## MISCELLANEOUS DISMISSALS

**93–2492.** In re Bruce. *Portage County,* No. 92–P–0060. This cause is pending before the court on the filing of a motion for an order directing the Court of Appeals for Portage County to certify its record. Upon application of counsel for appellee, this cause is hereby dismissed for want of prosecution pursuant to Section 1, Rule II of the Supreme Court Rules of Practice.

*Wednesday, January 12, 1994*

## MERIT DOCKET

**92–625.** Gergely v. Van Voorhis. *Erie County,* Nos. E–90–36 and E–89–10. On motion to dismiss and to remand. Motion to dismiss denied; the judgment of the court of appeals is vacated and the cause is remanded to the trial court for further proceedings.

A.W. SWEENEY, DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and WRIGHT, J., would grant the motion to dismiss, and would remand the cause to the trial court with instructions that it follow the court of appeals' original opinion.

RESNICK, J., not participating.

**93–2127.** Verdi v. Supreme Court. In Mandamus and Prohibition. On motion to dismiss. Motion to dismiss sustained. Cause dismissed.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.